UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EVERBANK, N.A.,<br><br>           Plaintiff,<br><br>vs.<br><br>1921 ENTERPRISES LLC, MATTHEW JAMES KAHN, and NICOLE ELIZABETH KAHN,<br><br>           Defendants. | Civil Action No. |

## COMPLAINT

Plaintiff EVERBANK, N.A., ("**Plaintiff**"), by way of complaint against the Defendants 1921 ENTERPRISES LLC ("**1921**"), MATTHEW JAMES KAHN ("**Matthew Kahn**"), and NICOLE ELIZABETH KAHN ("**Nicole Kahn**", together with Matthew Kahn, "**Guarantors**", and together with 1921, "**Defendants**") says:

## PARTIES

1. Plaintiff is a national banking association and maintains its main office, as set forth in its articles of incorporation, at 301 W. Bay St., Jacksonville, Florida 32202, and therefore, pursuant to 28 U.S.C. § 1348, is deemed a citizen of the State of Florida.

2. Upon information and belief, 1921 is a New Jersey limited liability company and has offices at 14 Grace Pl., Barnegat, New Jersey 08005.

3. Upon information and belief, Matthew Kahn is a resident of New Jersey, with an address of 14 Grace Pl., Barnegat, New Jersey 08005.

4. Upon information and belief, Nicole Kahn is a resident of New Jersey, with an address of 14 Grace Pl., Barnegat, New Jersey 08005.

**JURISDICTION**

5. Pursuant to Section 7.15(b) of the Loan Agreement and Section 5.07 of the Personal Guaranty, Defendants have consented to the personal jurisdiction of this Court.

6. Diversity jurisdiction exists under 28 U.S.C. § 1332(a) because this is a dispute between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

7. Venue is appropriate in the Southern District of New York pursuant to 28 U.S.C. § 1391.

**FACTS COMMON TO ALL COUNTS**

8. Plaintiff's predecessor in interest, Cross River Bank, a federally insured New Jersey state-chartered bank ("Cross River") and 1921 entered into and executed a Loan Agreement and corresponding Loan Term Addendum (collectively, the "Loan Agreement"), each with an effective date of February 16, 2024, whereby Cross River provided 1921 with a term loan facility in connection with 1921's entry of a franchise agreement to operate a DryBar location at 52 Centerton Road, Unit 13, Mount Laurel, NJ 08054. A true and accurate copy of the combined Loan Agreement is attached hereto, and incorporated herein by reference as if set out in full, as **EXHIBIT A**.

9. In connection with and to secure 1921's obligations under the Loan Agreement, 1921 entered into and executed a Security Agreement (together with the Loan Agreement, the "Loan Documents"), with an effective date of February 16, 2024, whereby 1921 granted Plaintiff a security interest in all of the tangible and intangible personal property of 1921, whether then owned or existing or thereafter acquired or arising, including, without limitation, (i) all accounts, (ii) all chattel paper, (iii) all equipment, (iv) all general intangibles, (v) all instruments, (vi) all

inventory, (vii) all investment property, (viii) all letter-of-credit rights, (ix) all payment intangibles, (x) the lease on the property located at 52 Centerton Road, Unit 13, Mount Laurel, NJ 08054, (xi) all accessions to, substitutions for, and all replacements of, and to the extent not otherwise included in the foregoing, all cash and non-cash proceeds and products of the above-described property of 1921, including, but not limited to, proceeds of insurance policies constituting or insuring such property (collectively, the "Collateral"). A copy of the Security Agreement is attached hereto, and incorporated herein by reference as if set out in full, as **EXHIBIT B**.

10. On or about February 22, 2024, a UCC Financing Statement was filed thereby perfecting the security interest in and against the Collateral. A copy of the filed UCC Financing Statement is attached hereto, and incorporated herein by reference as if set out in full, as **EXHIBIT C**.

11. Guarantors, jointly and severally, entered into and executed a Personal Guaranty, with an effective date of February 16, 2024, wherein the Guarantors absolutely and unconditionally guaranteed the payment and performance of all indebtedness and obligations of and owed by 1921 to Cross River. A true and accurate copy of the Personal Guaranty is attached hereto, and incorporated herein by reference as if set out in full, as **EXHIBIT D**.

12. On February 26, 2024, Cross River assigned all of its rights, title, and interest in and to the Loan Documents and Personal Guaranty to ApplePie Finance, LLC ("ApplePie"); thereafter, ApplePie assigned all of its rights, title and interest in and to the Loan Documents and Personal Guaranty to Milestone Bank, a Utah state industrial bank, f/k/a LCA Bank Corporation ("Milestone"); which, in turn, Milestone assigned all of its rights, title, and interest in and to the Loan Documents and Personal Guaranty to Plaintiff.

## FIRST COUNT
### *(Breach of Contract)*

13. Plaintiff repeats and realleges each and every allegation set forth above as if set forth at length herein.

14. 1921 failed to make the monthly payments required by the Loan Agreement for August 15, 2025 and each month thereafter, thereby defaulting pursuant to Section 6.01(a) of the Loan Agreement and Section 4.01(b) of the Security Agreement.

15. Pursuant to Section 6.02(a) of the Loan Agreement and Sections 3.09 & 4.02 of the Security Agreement, Plaintiff is entitled to (i) declare the entire indebtedness owed under the Loan Documents to be immediately due and payable, (ii) exercise all rights and remedies under the Security Agreement, including, but not limited to, taking possession of the Collateral, and (iii) visit and inspect all of the properties of Borrower and examine and make copies of its books and records.

16. As a result of 1921's monetary default, pursuant to Section 6.02(b) of the Loan Agreement, Plaintiff is entitled to increase the interest rate relative to the indebtedness owed under the Loan Documents by 6% per annum over the contract rate specified in the Loan Agreement (the "Default Rate").

17. Plaintiff has declared default and demanded payment due under the Loan Documents, but 1921 refused and continues to refuse to make payment of the remaining indebtedness.

18. Pursuant to Section 6.02(c) of the Loan Agreement, whenever any amounts are not paid when due, Plaintiff is entitled to assess late fees equal to 10% of all overdue amounts (the "Late Fees").

19. Pursuant to Section 6.02(e) of the Loan Agreement, the Default Rate and the Late Fees may be assessed simultaneously and cumulatively with each other.

20. Pursuant to Section 7.03(a)(ii) of the Loan Agreement, 1921 is additionally liable to Plaintiff for, inter alia, the allocated costs of internal counsel plus all legal fees and expenses of outside counsel incurred and to be incurred in connection with the enforcement or protection of Plaintiff's rights.

21. Plaintiff has declared 1921 in default and demanded the accrued and outstanding payments plus the entire accelerated balance for the unexpired term of the Loan Agreement, plus unpaid interest and late charges pursuant thereto, to be immediately due and payable, for a total of Seven Hundred Ninety-Nine Thousand Two Hundred Fifty-Five Dollars and 44/100 ($799,255.44) as of January 30, 2026, plus continuing interest, expenses, and reasonable attorneys' fees and costs.

22. Pursuant to Section 4.03(b) of the Security Agreement, upon default, Plaintiff is also entitled to immediate possession of the Collateral.

23. Pursuant to the Personal Guaranty, the Guarantors are jointly and severally liable for the full amount due.

24. Plaintiff reserves all rights to assert and enforce its contractual entitlement to any additional increased interest rate, fees, penalties, or other compensation pursuant to the terms of the Loan Documents and Personal Guaranty.

**WHEREFORE**, Plaintiff EverBank, N.A. demands Judgment to be entered in its favor and against Defendants 1921 Enterprises LLC, Matthew James Kahn, and Nicole Elizabeth Kahn, jointly and severally, for:

> A. Compensatory damages in the amount of Seven Hundred Ninety-Nine Thousand Two Hundred Fifty-Five Dollars and 44/100 ($799,255.44) as of January 30, 2026, plus continuing interest, expenses, and reasonable attorneys' fees and costs; and

    B. Immediate possession of the Collateral; and

    C. Directing Defendants to furnish a detailed list of all of the Collateral and to permit Plaintiff to visit and inspect all of the properties of 1921 and examine and make copies of its books and records including all open and unpaid accounts and accounts receivable owed to 1921; and

    D. Attorneys' fees and costs; and

    E. Such other further and appropriate remedy and relief as this Court deems proper.

## SECOND COUNT
### (Conversion)

25. Plaintiff repeats and realleges each and every allegation set forth above as if set forth at length herein.

26. Pursuant to the Security Agreement, Plaintiff has a superior possessory right to the Collateral than Defendants.

27. Following the defaults by 1921 under the Loan Documents, Plaintiff demanded the assembly and return of the Collateral but, to date, Defendants failed and refused to deliver custody and possession of the Collateral to Plaintiff.

28. Defendants' actions as set forth above constitute an intentional and knowing conversion of Plaintiff's assets and property.

29. Plaintiff has been severely injured as a direct and proximate result of Defendants' conversion of Plaintiff's assets and property.

**WHEREFORE**, Plaintiff EverBank, N.A. demands Judgment to be entered in its favor and against Defendants 1921 Enterprises LLC, Matthew James Kahn, and Nicole Elizabeth Kahn, jointly and severally, for:

    A. Compensatory damages in the amount of Seven Hundred Ninety-Nine Thousand Two Hundred Fifty-Five Dollars and 44/100 ($799,255.44) as of January 30, 2026, plus continuing interest, expenses, and reasonable attorneys' fees and costs; and

    B. Immediate possession of the Collateral; and

    C. Directing Defendants to furnish a detailed list of all of the Collateral and to permit Plaintiff to visit and inspect all of the properties of 1921 and examine and make copies of its books and records including all open and unpaid accounts and accounts receivable owed to 1921; and

    D. Attorneys' fees and costs; and

    E. Punitive damages; and

    F. Such other further and appropriate remedy and relief as this Court deems proper.

## **THIRD COUNT**
### *(Estoppel)*

30. Plaintiff repeats and realleges each and every allegation set forth above as if set forth at length herein.

31. In entering into the transactions at issue, Plaintiff and Plaintiff's predecessors in interest relied directly upon the express representations of Defendants in the Loan Documents and Personal Guaranty.

32. Defendants entered into the Loan Documents and Personal Guaranty with full knowledge of Plaintiff and Plaintiff's predecessors in interest's reliance upon Defendants' representations, and, indeed, Defendants made such representations to induce Plaintiff and Plaintiff's predecessors in interest to rely thereon.

33.    Plaintiff has been injured as a direct and proximate result of Defendants' failure to honor the express representations in, and terms of, the Loan Documents and Personal Guaranty.

34.    Based upon the foregoing, Defendants are estopped from disputing the express terms of the Agreements and the Guaranties.

**WHEREFORE**, Plaintiff EverBank, N.A. demands Judgment to be entered in its favor and against Defendants 1921 Enterprises LLC, Matthew James Kahn, and Nicole Elizabeth Kahn, jointly and severally, for:

A. Compensatory damages in the amount of Seven Hundred Ninety-Nine Thousand Two Hundred Fifty-Five Dollars and 44/100 ($799,255.44) as of January 30, 2026, plus continuing interest, expenses, and reasonable attorneys' fees and costs; and

B. Immediate possession of the Collateral; and

C. Directing Defendants to furnish a detailed list of all of the Collateral and to permit Plaintiff to visit and inspect all of the properties of 1921 and examine and make copies of its books and records including all open and unpaid accounts and accounts receivable owed to 1921; and

D. Attorneys' fees and costs; and

E. Such other further and appropriate remedy and relief as this Court deems proper.

## FOURTH COUNT
*(Unjust Enrichment)*

35. Plaintiff repeats and realleges each and every allegation set forth above as if set forth at length herein.

36. As a result of Defendants' conduct as set forth above, Defendants have been unjustly enriched.

37. Plaintiff is entitled to recovery under the doctrines of quasi-contract, quantum meruit and unjust enrichment.

**WHEREFORE**, Plaintiff EverBank, N.A. demands Judgment to be entered in its favor and against Defendants 1921 Enterprises LLC, Matthew James Kahn, and Nicole Elizabeth Kahn, jointly and severally, for:

A. Compensatory damages in the amount of Seven Hundred Ninety-Nine Thousand Two Hundred Fifty-Five Dollars and 44/100 ($799,255.44) as of January 30, 2026, plus continuing interest, expenses, and reasonable attorneys' fees and costs; and

B. Immediate possession of the Collateral; and

C. Directing Defendants to furnish a detailed list of all of the Collateral and to permit Plaintiff to visit and inspect all of the properties of 1921 and examine and make copies of its books and records including all open and unpaid accounts and accounts receivable owed to 1921; and

D. Attorneys' fees and costs; and

E. Such other further and appropriate remedy and relief as this Court deems proper.

                      CHIESA SHAHINIAN & GIANTOMASI PC
                      *Attorneys for Plaintiff EVERBANK, N.A.,*

                      By  */s/ Cory A. Simmons*
                             Cory A. Simmons

Dated: February 2, 2026        Cory A. Simmons, Esq. SDNY # CS1011
                                  Robert L. Hornby, Esq. SDNY # RH6074 (LEAD COUNSEL)
                                  105 Eisenhower Parkway
                                  Roseland, NJ  07068
                                  973.325.1500
                                  973.325.1501
                                  Email: csimmons@csglaw.com,
                                  rhornby@csglaw.com